## 62639. BERRY v. DEMMONS et al.

BIRDSONG, Judge.

Dismissal for Want of Prosecution. This is not the first appearance of this case before this court. These same parties were before this court in 1979 in a dispute over whether the trial court properly could dismiss the action for failure of the plaintiff to substitute a party within 180 days of the notice of death of one of the original parties defendant. *Berry v. Morton,* 152 Ga. App. 117 (262 SE2d 263). We reversed on that occasion sending the case back for trial. The case was scheduled for trial on December 8, 1980. The order of the trial court shows that counsel for the defendants answered the call but neither the plaintiff Berry nor his counsel answered the call of the case. The trial court then dismissed the case for want of prosecution.

On December 12, 1980, appellant Berry moved the court for an order of rescission of the dismissal. On April 27, 1981, the trial court held a hearing on the motion to rescind the order of dismissal. The order recites that after consideration of evidence and arguments of counsel, it was the judgment of the court to deny the motion to rescind the order of dismissal. In due time, the appellant filed his notice of appeal of the order of April 27, wherein the trial court dismissed the motion to reinstate the petition. Berry brings this appeal complaining of the action of the trial court. *Held:*

Both in this appeal and in the past appearance of this case before this court, opposing counsel have taken verbal "swipes" at each other and made allegations and innuendos of professional misconduct. While ordinarily we do not make reference to such comments in briefs of counsel, in this case we will observe that practice before this court is better served by a dispassionate dissertation of the facts followed by a logical and legal argument of such facts. We receive no elucidation by allegations of misconduct not documented by the record nor particularly relevant to a disposition of the issues presented for resolution. Professional maturity is the hallmark of practitioners before this court.

In their briefs counsel for both appellant and appellee make reference to questionable actions by opposing counsel and the trial court. Appellant Berry argues in his brief that he was not given proper or adequate notice because of a failure of timely publication in the appropriate newspaper. Counsel for Demmons responds by attaching to his brief a copy of the newspaper. None of this appears of record. The same is true of the other assertions of counsel. The only matter actually of record that we may consider is the statement by the trial court that it heard and considered evidence and arguments of counsel

at the hearing before denying the motion to rescind the order of dismissal.

Assertions of counsel as to what transpired below cannot take the place of the record or transcript. *Dual S. Enterprises v. Webb,* 138 Ga. App. 810, 816 (227 SE2d 418). The appellate courts simply cannot nor are they authorized by law to infer from statements of counsel in their briefs facts which never managed an introduction into or even a nodding acquaintance with the record. *Airport Assoc. v. Audioptic Inst. Devices,* 125 Ga. App. 325, 326 (187 SE2d 567). The Appellate Practice Act requires that appeals from final judgments be determined on their merits if at all possible, and the absence in the appellate record of *existing* records, transcripts or documents *available in the trial court,* is not ground to refuse consideration of enumerated errors on the merits. *Interstate Financial Corp. v. Appel,* 233 Ga. 649, 651 (212 SE2d 821). But where there are no such documents available in the trial court, there is nothing which this court can order up for our consideration. But where the trial judge passed on the sufficiency of the questioned evidence, we must assume in the absence of such evidence, that the trial court properly exercised its judgment and discretion in denying the motion. *USF&G v. Georgia Farm Bureau Mut. Ins. Co.,* 126 Ga. App. 831 (191 SE2d 893). See *Sheppard v. State,* 138 Ga. App. 597, 598 (226 SE2d 744). We must accept the trial court's determination that Berry's failure to appear on December 8, 1980 was not shown to be reasonable or without excusable neglect. It follows, no error has been shown in the trial court's denial of the motion to reinstate the case.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 2, 1981 —
REHEARING DENIED DECEMBER 10, 1981 — 

*Jesse Cleveland,* for appellant.
*Arthur M. Kaplan,* for appellee.