### 67602. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MUSGROVE et al.

McMURRAY, Chief Judge.

On May 28, 1976, Willis Musgrove's son Kenneth Musgrove was seriously injured in a collision between a farm tractor he (Kenneth Musgrove) was operating and a 1967 truck (owned and operated by Allison Hayes). As a result of the injuries suffered in the collision, medical bills in excess of $23,000 were incurred by Willis Musgrove. At the time of the collision Willis Musgrove had three insurance policies with Georgia Farm Bureau Mutual Insurance Company (Georgia Farm Bureau), each providing for $5,000 basic no-fault benefits and $5,000 optional no-fault benefits. In addition, each policy provided

$1,000 medical payments coverage. Georgia Farm Bureau also insured the truck that struck Kenneth with coverage of $5,000 basic no-fault benefits.

Georgia Farm Bureau paid to Kenneth Musgrove $3,000 ($1,000 each policy) under the medical payments coverage of the Musgrove policies, $2,500 basic no-fault benefits under the Hayes policy, and $2,500 basic and $5,000 optional no-fault benefits under one of the Musgrove policies.

Plaintiffs then sued defendant Georgia Farm Bureau for additional optional no-fault benefits of $10,000 under the two remaining policies and the trial court (without a jury and on stipulated facts) entered judgment in plaintiffs' favor in the amount of $10,000, plus $1,750 attorney fees, $2,500 penalty, and $5,000 punitive damages. On appeal, this court reversed and held that due to a provision in the insured's policy, Georgia Farm Bureau's liability was limited to the highest amount of additional personal injury protection (PIP) purchased on any one policy. Since the parties had stipulated that each of the three Musgrove policies provided for $5,000 additional PIP coverage, this court held that the plaintiffs (Willis and Kenneth Musgrove) could only recover up to $5,000 under the optional coverage, and, that limit having been reached, no further recovery was permitted. (See *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690, 692 (266 SE2d 228)).

On March 2, 1982, the named insured, Willis Musgrove, through his attorney, sought to elect optional PIP coverage to increase his policy limits to $50,000 under each of the three Musgrove policies, pursuant to *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623). In this regard, Mr. Musgrove notified Georgia Farm Bureau of his election of increased optional benefits and tendered the additional premiums. Proof of loss statements had been filed previously by the plaintiffs. However, Georgia Farm Bureau refused to pay, and plaintiffs (Kenneth and Willis Musgrove) subsequently, on October 29, 1982, commenced this action seeking the additional PIP benefits and bad faith penalty and attorney fees. Thereafter, on June 17, 1983, plaintiffs, by amendment to their complaint, also sought to elect optional PIP coverage under the Hayes policy. Georgia Farm Bureau again refused to pay.

Following a hearing on the motions for summary judgment filed by each of the parties, the trial court granted summary judgment in plaintiffs' favor holding that plaintiffs were entitled to recover, as primary coverage, optional no-fault benefits under the Hayes policy and, as secondary coverage, optional no-fault benefits under the Musgrove policies. Defendant appeals to this court from the grant of summary judgment in favor of the plaintiffs and the denial of summary judgment in favor of defendant. *Held*:

1. Defendant contends that plaintiffs' present action is barred by OCGA § 9-3-24 (formerly Code Ann. § 3-705) since it was brought more than six years after plaintiff Kenneth Musgrove's medical expenses were incurred. We disagree.

OCGA § 9-3-24, supra, provides in part: "All actions upon promissory notes, drafts, or other simple contracts in writing shall be brought within six years *after the same become due and payable . . .*" (Emphasis supplied.) A contract of insurance not executed under seal is a simple contract in writing, and where no contractual limitations are contained therein as to the time when an action on the policy shall be brought, the statute of limitation applicable to simple contracts in writing applies. See *Burton v. Metro. Life Ins. Co.*, 48 Ga. App. 828 (173 SE 922).

In the present case, the parties agree that the applicable limitations period is six years. This is in fact the case since the insurance policy contained no contractual limitation as to the time when an action on the policy should have been brought. However, the parties disagree as to when the statutory period should begin to run. Thus, we must determine when the right of action as to the optional PIP benefits would accrue by virtue of the three Musgrove policies.

In *Burton v. Metro. Life Ins. Co.*, supra, the court considered a policy which did not contain any contractual limitation upon the time to bring suit thereon, but provided that any loss thereunder was not due and payable until six months after the insured submitted proof of loss. The court held that the statutory period of limitations governed the action, but did not begin to run until six months after the insurer received the proof of loss.

"Former OCGA § 33-34-5 (b) (Code Ann. § 56-3404b) required that the 'insured' be given an opportunity to accept or reject optional PIP coverage, and cases construing that statute have granted relief to the 'insured.' For example, the Supreme Court has stated: 'In the absence of such a rejection [as is required by statute], the policy, therefore, provides $50,000 PIP coverage from its inception. The insured has the right to demand and receive the benefit of $50,000 coverage *upon tender by the insured of such additional premium as may be due and filing of proof of loss by the injured party*." (Emphasis supplied different from that quoted.) [Cit.] *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 707-708 (309 SE2d 870). Consequently in the instant case, the statute of limitation began to run on the date when the insurer received notice of the policyholder's intent to elect optional PIP coverage by his tender of the additional premiums due and filing of his proofs of loss, which date according to the plaintiff's (policyholder Musgrove's) letter, was March 2, 1982. The policy being a written contract, had six years to run before becoming barred. Suit was filed October 29, 1982, which was within six years from the time the

statute began to run.

Hence, as to the three Musgrove policies, the plaintiffs' action is not barred. This result is not only consistent with the decision in *Burton v. Metro. Life Ins. Co.*, supra, but also is in accord with the general rule, followed in Georgia, that, where a condition precedent to a right of action exists, the statute of limitation does not begin to run until that condition is performed. See, e.g., *Thomas v. Hudson*, 190 Ga. 622 (10 SE2d 396); cf. *Decatur Fed. Savings &c. Assn. v. York Ins. Co.*, 147 Ga. App. 797, 799 (4) (250 SE2d 524) (notice to the loss payee is a condition precedent if the insurer wishes to bind payee to limitation on suit and other policy provisions). See also Nicholson v. Nationwide Mut. Fire Ins. Co., 517 FSupp. 1046, 1052 (N.D. Ga. 1981); Ginn v. State Farm Mut. Auto. Ins. Co., 417 F2d 119 (5th Cir. 1969).

2. Defendant contends that plaintiffs' present action for maximum coverage (i.e., $50,000) under the three Musgrove policies is barred by the doctrine of res judicata. To this end, defendant points out that under *Jones v. State Farm Mut. Ins. Co.*, 156 Ga. App. 230, supra, as modified by *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, supra, if an "insured" has not been afforded an opportunity to reject the maximum coverage (which opportunity defendant claims was afforded to plaintiffs), then the insurance policy provides $50,000 PIP coverage from its inception. As such, defendant argues that plaintiffs' present claim for increased coverage was available to them at the time of the prior suit. Thus, by failing to put this claim in issue in the prior suit, defendant argues that the plaintiffs are barred from doing so now.

OCGA § 9-12-40 (formerly Code § 110-501) provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Under this statute, it is clear that the plaintiffs may not recover increased benefits under all three Musgrove policies in view of the ruling in *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690, supra, which held that plaintiffs could only recover the highest amount of additional PIP purchased on any *one* policy. However, this ruling did not address whether plaintiffs were entitled to maximum coverage (i.e., $50,000) under one of the Musgrove policies based upon defendant's alleged noncompliance with the requirements of former Georgia Code Ann. § 56-3404b (now OCGA § 33-34-5). It is, therefore, for the determination of this court to decide whether the "maximum coverage" issue was one which under the rules of law might have been put in issue in the prior case and is barred by res judicata. For the following reasons, we hold that the

"maximum coverage" issue was not barred.

First, the prior suit between the parties dealt solely with whether the Musgroves could "stack" their three policies. Second, the *Jones v. State Farm* case, supra, (which may have alerted plaintiffs to possible entitlement to increased PIP coverage) was decided on October 22, 1980. The decision in the previous case between the parties was decided May 15, 1980 (i.e., prior to the *Jones* decision). Third, at the time of the prior suit between the parties, there had been no breach by Georgia Farm Bureau with reference to the maximum no-fault coverage of $50,000. Demand for payment of the maximum optional no-fault benefits of $50,000 was not made until March 2, 1982, subsequent to the *Jones v. State Farm* case, supra, and the prior judgment between the parties. Thus, at the time of the prior judgment, no claim existed as to the increased optional benefits.

Moreover, in no-fault cases that have been decided since the *Jones v. State Farm* decision, supra, this court has consistently ruled that full and complete releases executed by the insureds would not preclude the insured from collecting on the optional benefits. See *Dupree v. Travelers Ins. Co.*, 166 Ga. App. 56, 57 (303 SE2d 160); *Perry v. Intl. Indemnity Co.*, 251 Ga. 709 (1), 710 (309 SE2d 139). These rulings evidence a strong intention on the part of the courts to uphold the statutory rights as set forth in *Jones v. State Farm*, supra, as modified by *Flewellen*, supra.

As stated before, this court in *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690, supra, held that plaintiffs could only recover the highest amount of additional PIP purchased on any one policy. However, as to this one policy, an issue of fact remains as to whether plaintiffs were afforded an opportunity to accept or reject the maximum coverage in accordance with *Jones v. State Farm*, supra, as modified by *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709, supra, since an application form for each of the three Musgrove policies was not included in the record, and since the record disclosed no subsection (c) notice pursuant to former Code Ann. § 56-3404b (c) (now OCGA § 33-34-5 (c)). *Berry v. Demmons*, 160 Ga. App. 712, 713 (288 SE2d 78); *Bhatia v. West Cash &c. Bldg. Materials*, 157 Ga. App. 145, 146 (276 SE2d 656). Thus, the maximum coverage under this one policy should not be awarded until this determination (i.e., whether plaintiffs were afforded an opportunity to accept or reject the maximum coverage in accordance with the applicable law) has been made. Accordingly, the trial court erred in granting summary judgment in favor of the plaintiffs on this issue.

In overturning this grant of summary judgment we specifically note that as far as the present record discloses, we find no similarity between the case sub judice and the recent Supreme Court case of *St. Paul Fire &c. Ins. Co. v. Nixon*, 252 Ga. 469 (314 SE2d 215), due to

the fact that the record in the case sub judice, as previously stated, is incomplete (i.e., no application forms were included in the record here).

3. As to the Hayes policy, defendant contends that plaintiffs may not elect increased PIP coverage since there was no evidence in the record to show that Mrs. Hayes (the policyholder) ever made a demand for such coverage. We agree.

In the recent decision of *Bailey v. Ga. Mut. Ins. Co.*, 168 Ga. App. 706, 708, supra, this court held "that a demand for increased coverage by the policyholder is necessary before those who would be incidental or third-party beneficiaries as 'other insureds' can seek optional benefits." In the case sub judice, there is no evidence in the record to show that Mrs. Hayes made a demand for increased coverage. Moreover, there is no evidence to show that Mrs. Hayes was even entitled to increased coverage. Accordingly, we hold as a matter of law that the plaintiffs (who were merely incidental or third-party beneficiaries) may not seek the optional PIP benefits, if any exist, under the Hayes policy. The trial court erred in refusing to grant summary judgment in favor of the defendant on this issue.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984 —
REHEARINGS DENIED JULY 16, 1984 —

*F. Thomas Young*, for appellant.
*Berrien L. Sutton*, for appellees.