41562. BRYANT v. ALLSTATE INSURANCE COMPANY.
(326 SE2d 753)

BELL, Justice.
This case comes before us upon a question certified by the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 36 of the Supreme Court of Georgia. See OCGA § 15-2-9. The following statement of the case was submitted to us by the Eleventh Circuit.

*Statement of the case*

"David Bryant was injured in an automobile collision on July 16, 1976. Under a no-fault insurance policy with Allstate, Bryant received

payment for medical bills and wage benefits. The wage benefits were paid in monthly installments and were terminated on December 29, 1976. With the last payment, the insurance company stated that policy limits of $5,000 PIP benefits had been reached. On April 8, 1983, Bryant filed suit in state court, claiming that pursuant to *Jones v. State Farm Mutual Automobile Insurance Company*, 156 Ga. App. 230 (274 SE2d 623) (1980) and *Flewellen v. Atlanta Casualty Company*, 250 Ga. 709 (300 SE2d 673) (1983), he was entitled to $45,000 in additional wage loss benefits since the original insurance application did not include his written acceptance or rejection of the optional coverage required by OCGA § 33-34-5.

"On motion for summary judgment, the district court held that the Georgia statute of limitations barred the suit. The parties agree that the six-year OCGA § 9-3-24 is the applicable statute of limitations. Plaintiff argues that the statute runs separately for each wage loss payment as it would fall due because of continued disability relying on *Metropolitan Life Insurance Co. v. Foster*, 53 Ga. App. 21 (184 SE 660) (1936). The district court held that Georgia cases addressing installment payments on promissory notes and similar obligations should be distinguished from this action since they have definite due dates and that the statute had run on the claim. If the statute began to run as late as December 29, 1976, the date of the last payment and notice of termination, the suit filed in April 1983 would be barred. If it begins to run when each wage payment would be due, only claims for lost wages prior to April 1977 would be barred."

### Certified Question

"Does the statute of limitation on a cause of action based on Georgia's Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 *et seq.*, claiming loss of wages, begin to run separately as to each wage loss period, or begin to run when the last payment is made, or at some earlier time?"

Controversies arising under Georgia's Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq., involve two separate claims. One claim is a claim to establish the insured's right to optional benefits, which is the additional coverage provided by OCGA § 33-34-5. See *Flewellen*, supra, 250 Ga. As stated by this court in *Flewellen*, id. at 710, this is "a basically simple dispute: are the insureds entitled to coverage of $5,000 or $50,000 for personal injury protection under the terms of their no-fault insurance policies." An insured must establish this claim by showing that he was not informed of his statutory right to optional benefits in accordance with the statutory scheme. *Flewellen*, supra, 250 Ga. at 710-712.

A separate and distinct claim is a claim for any losses incurred by

the insured to which the optional coverage might apply; that is, the insured must prove his damages by filing the appropriate proofs of loss and complying with applicable statutory and policy provisions.

From the foregoing, it is clear that the threshold question concerning the statute of limitation is when must the insured file the initial claim to establish his right to the optional coverage. Once this claim is established, the next question is whether any given claim for losses arising from that coverage is timely filed. Practically speaking, the two claims will usually be pursued together.

The applicable statute of limitation for both types of claims is OCGA § 9-3-24, which provides a six-year period. *Smith v. State Farm Mut. Auto. Ins. Co.*, 152 Ga. App. 825, 826 (1) (264 SE2d 296) (1979). We now address the threshold issue, implicit in the Eleventh Circuit's question, of when OCGA § 9-3-24 begins to run on a claim to establish an insured's right to optional PIP benefits. We have held that "[t]he statute of limitation begins to run on any given claim on the date the claim accrues — in other words, on the date that suit on the claim can first be brought. 'When the question is raised as to whether an action is barred by a statute of limitation, the true test to determine when the cause of action accrued is "to ascertain the time when the plaintiff could first have maintained his action to a successful result." ' *Mobley v. Murray County*, 178 Ga. 388 (1) (173 SE 680) (1934)." *Hoffman v. Ins. Co. of North America*, 241 Ga. 328, 329 (245 SE2d 287) (1978). Accordingly, OCGA § 9-3-24 begins to run on an insured's *Flewellen* claim for optional PIP benefits as of the date the right to establish this claim accrues.

We must, then, decide at what point an optional PIP claim accrues. When an insured seeks additional no-fault PIP coverage before an accident occurs, no controversy exists, and a suit for optional benefits is premature. If an insured realizes that he was not given the requisite opportunity to accept or reject the optional coverages under OCGA § 33-34-5, and he desires them, he may simply purchase the additional insurance. However, a controversy does arise when an accident occurs, and the insured, contending that he was not properly informed of his statutory right to optional benefits, tenders the additional premiums to purchase the optional coverage, so as to insure a loss which has resulted or might result from the accident. In addition, at the time of the accident no conditions precedent or contingencies exist which need to be fulfilled, which, if not fulfilled, would otherwise prevent the filing of the claim for optional benefits. Thus, the earliest an action to obtain retroactive coverage could be successfully maintained is on the date of an accident.

The issue which necessarily follows is whether a claim to establish optional PIP benefits should be held to accrue at some time subsequent to the date of an accident. We think not. A holding to that

effect would allow the insured the discretion to set the statute in motion at some time beyond the accident date, which would frustrate the very purpose of statutes of limitation to provide finality in litigation. See *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 171 Ga. App. 639 (1) (320 SE2d 776) (1984).[1] Without some limitation, an insured could delay suit indefinitely before asserting this right to retroactive coverage. Accordingly, we hold that the statute of limitation in claims for optional benefits begins to run on the date of the accident, and that the claim for optional benefits under OCGA § 33-34-5 must be filed within six years thereof.

In the present case, Bryant is asserting a claim for optional benefits under OCGA § 33-34-5 as it existed when he was injured in 1976. In his suit he is, in effect, asserting two separate claims — the claim for optional benefits and the claim for wage losses which he contends the optional benefits should cover. However, his suit is barred, since his claim for optional benefits was filed more than six years after the date of the accident.

*Certified question answered. All the Justices concur.*

DECIDED MARCH 14, 1985 —
REHEARING DENIED MARCH 28, 1985.

*Cathey & Strain, Edward E. Strain III*, for appellant.
*Dennis, Corry, Webb & Carlock, Thomas S. Carlock, R. Clay Porter, Michael L. McGlamry*, for appellee.
*Allman & Lanner, David E. Allman, Douglas F. Aholt*, amicus curiae.

---

[1] We granted certiorari to consider the Court of Appeals' decision in *Musgrove*. See *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 254 Ga. 333 (328 SE2d 365) (1985).