41436. GEORGIA FARM BUREAU MUTUAL INSURANCE
COMPANY v. MUSGROVE et al.
(328 SE2d 365)

BELL, Justice.

1. We granted certiorari in this case, *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove,* 171 Ga. App. 639 (320 SE2d 776) (1984), to consider, in conjunction with *Bryant v. Allstate Ins. Co.,* 254 Ga. 328 (326 SE2d 753) (1985), the issue of when the six-year statute of limitation provided by OCGA § 9-3-24 begins to run in suits based upon Georgia's Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq. See also *Commercial Union Ins. Co. v. Hawkins,* 254 Ga. 331

(328 SE2d 532) (1985). On May 28, 1976, Willis Musgrove's son, Kenneth Musgrove, was injured in a collision between a farm tractor he was operating and another vehicle. The present suit for additional optional PIP benefits was filed on October 29, 1982, which was six years and five months after the date of the accident. The trial court granted the Musgroves' motion for summary judgment. The Court of Appeals, in relevant part, affirmed, holding that the Musgroves' suit is not barred by the statute of limitation, since "the statute of limitations began to run on the date when the insurer received notice of the policyholder's intent to elect optional PIP coverage by his tender of the additional premiums due and filing of his proofs of loss." *Musgrove*, supra, 171 Ga. App. at 641. We disagree, and reverse.

The rule adopted by the Court of Appeals in the instant case places too much discretion in the hands of the insured as to when the statute of limitation on a claim for optional benefits begins to run. Pursuant to that rule, an insured could wait many years after an accident before filing his proofs of loss and tendering his additional premiums, and still have six years in which to bring suit to establish his right to optional benefits. Such a rule is unacceptable, as it would frustrate the purpose of the statute of limitation to provide finality in litigation. See *Bryant*, supra at 330-331.

In *Bryant*, supra, addressing the problem of when the statute of limitation begins to run on a claim for optional benefits, we held that it did so "on the date of the accident, and that the claim for optional benefits under OCGA § 33-34-5 must be filed within six years thereof." *Bryant*, supra at 331. See also *Hawkins*, supra. Since the Musgroves' present suit to establish their right to additional optional PIP benefits was filed more than six years after the date of the accident, it is barred by the statute of limitation.

2. Even though our holding in Division 1 is dispositive of the case, we find it advisable to address certain aspects of the Court of Appeals' treatment of the issue of res judicata. Before the present suit was filed, the Musgroves brought a suit against the insurer to stack the optional benefits available under the three policies which Willis Musgrove owned. *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 153 Ga. App. 690 (266 SE2d 228) (1980). Several months after final judgment was entered in the first suit, the case of *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), was decided, thereby alerting Willis Musgrove to the possibility of additional claims under his policies. In the present case the Court of Appeals held that res judicata did not bar the suit for three reasons: first, because the first suit dealt solely with whether the Musgroves could stack their three policies; second, because the first suit was decided before the *Jones* decision; and third, because no claim for additional optional benefits existed at the time of the prior suit, since the

Musgroves did not make a demand for the payment of $50,000 in optional benefits until March 2, 1982.

Based on *Bryant*, supra, and on Division 1 of this case, see also *Hawkins*, supra, it is clear that the Court of Appeals' third reason is erroneous, as a claim for optional benefits did exist at the time of the Musgroves' first suit. We reach the same conclusion with regard to the Court of Appeals' second reason for concluding that res judicata is not a bar to the Musgroves' present suit. Even though the *Jones* decision may have alerted the Musgroves to their claim for additional optional benefits, the Musgroves could have discovered the claim for themselves prior to the *Jones* decision.

From the foregoing it is clear that the Musgroves' claim for additional optional benefits could have been raised in their first suit to stack the three policies. The question which follows is whether, for that reason, the doctrine of res judicata, see OCGA § 9-12-40, bars the Musgroves' second suit for optional benefits. See Presiding Justice, now Chief Justice, Hill's dissent from the denial of certiorari in *Nationwide-Penncraft v. Royal Globe Ins. Co.*, 249 Ga. 687 (291 SE2d 760) (1982). In this regard, as noted above, one of the Court of Appeals' reasons for concluding that res judicata did not bar the Musgroves' present suit was that the Musgroves' first suit dealt solely with whether the Musgroves could stack the three policies. We find it unnecessary, however, to do more than make note of this issue of the proper application of OCGA § 9-12-40, since our holding in Division 1 is dispositive of this case.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 2, 1985 —
REHEARING DENIED MAY 9, 1985.

*Young, Young & Clyatt, F. Thomas Young, William A. Turner, Jr., Michael L. Wetzel,* for appellant.

*Berrien L. Sutton,* for appellees.

*Eason, Kennedy & Assoc., Richard B. Eason, Jr., Carolyn J. Kennedy,* amicus curiae.