41841. COMMERCIAL UNION INSURANCE COMPANY
v. HAWKINS et al.
(328 SE2d 532)

BELL, Justice.

This case comes before us upon a question certified by the United States Court of Appeals for the Eleventh Circuit pursuant to Rule 36 of the Supreme Court of Georgia. See OCGA § 15-2-9. The following statement of the case was submitted to us by the Eleventh Circuit.

---

## Statement of the Facts

"Dallas Paige Hawkins was injured in an automobile accident on [June 26, 1976]. Ms. Hawkins' father, Benjamin F. Hawkins, holds an automobile insurance policy with Commercial Union. As a result of the accident, Ms. Hawkins received benefits from Commerical Union. By letter dated July 27, 1983, the Hawkinses made demand upon Commercial Union that it increase the aggregate amount for personal injury protection under the insurance policy from $5,000 to $50,000 retroactive to a point in time preceding the accident, and requested that they be informed of the amount of additional premiums due, so that the additional premiums could be tendered. This demand was made pursuant to the Georgia Supreme Court's decision in [*Flewellen v. Atlanta Casualty Co.*, 250 Ga. 709 (300 SE2d 673) (1983)]. Commercial Union refused to provide the additional benefits, contending *inter alia*, that the claim was barred by the statute of limitations. Commercial Union then brought this action seeking a declaratory judgment that it was not obligated to provide $45,000 in additional personal injury protection coverage to appellants. The appellants responded with a counterclaim for benefits, statutory penalties, punitive damages and attorney's fees. On appellee's motion for summary judgment, the District Court for the Northern District of Georgia held that appellant's claim was barred by the statute of limitations, and entered judgment for the appellee. The court held that the applicable statute of limitations is the six year statute, OCGA § 9-3-24 (1982). The court rejected appellants' claim that the statute did not begin to run until after the decision in *Flewellen*. It held that as over seven years had passed between Ms. Hawkins' accident and the demand upon Commercial Union, the present claim is time-barred."

## Certified Question

"In a cause of action that is based on Georgia's Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 to -14 (1982 & Supp. 1984), and seeks $45,000 in additional personal injury benefits, pursuant to *Flewellen v. Atlanta Casualty Co.*, 250 Ga. 709 (300 SE2d 673) (1983), for losses incurred prior to *Flewellen*, does the statute of limitations begin to run as of the date of the decision in *Flewellen*, or does it in all cases begin to run at most sixty days after a loss is suffered? Is there some other time at which the statute begins to run?"

The instant question is controlled by our recent decision in *Bryant v. Allstate Ins. Co.*, 254 Ga. 328 (326 SE2d 753) (1985).[1] In that

---

[1] See also *Ga. Farm Bureau Mut. Ins. Co. v. Musgrove*, 254 Ga. 333 (328 SE2d 365) (1985).

case, we held that suits "arising under Georgia's Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 et seq., involve two separate claims," with one claim being to establish the insured's right to optional benefits provided by OCGA § 33-34-5. *Bryant,* supra at 329. The six-year statute of limitation provided by OCGA § 9-3-24 applies to this threshold claim for optional benefits. *Bryant,* supra at 330. Moreover, as we held in *Bryant,* "the statute of limitation in claims for optional benefits begins to run on the date of the accident, and . . . the claim for optional benefits under OCGA § 33-34-5 must be filed within six years thereof." *Bryant,* supra at 331. In the present case, the Hawkinses' suit for optional benefits under OCGA § 33-34-5 is barred, since it was filed more than six years after the date of the accident.

*Certified question answered. All the Justices concur.*

HILL, Chief Justice, concurring.

I join the majority opinion and write only to observe that it is possible that the insurance policy in issue, which is not in the record before us, could contain a provision which requires that the insured file suit against the insurer within a period of time less than 6 years. We do not have before us the question of whether such an agreement would be applicable to a *Flewellen* claim, or whether it would be valid if applicable. I therefore concur in the opinion of the court.

DECIDED APRIL 2, 1985 —
REHEARING DENIED MAY 10, 1985.

*Smith & Allgood, Alfred L. Allgood,* for appellant.
*Gary L. Seacrest, Edwin A. Tate II, Stephen M. Worrall,* for appellees.