## 70426. LANGLEY v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(334 SE2d 700)

DEEN, Presiding Judge.

On July 19, 1977, James Langley's wife, Emily Frances Langley, was killed in an automobile-train accident. Langley had automobile insurance with Georgia Farm Bureau Mutual Insurance Company. In accordance with the terms of the policy, Georgia Farm Bureau paid $1,314.80 in funeral expenses and paid Langley an undetermined amount in survivor's benefits. On January 10, 1984, Langley made a claim for retroactive benefits, seeking to extend coverage under his policy to $50,000 pursuant to the holdings in *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983). The claim was denied and appellant brought suit on May 17, 1984, seeking the retroactive benefits. Georgia Farm Bureau answered, asserted the defenses of laches and statute of limitations, and moved for summary judgment. Langley appeals from the grant of the insurance company's motion. *Held*:

OCGA § 9-3-24 provides for a six-year statute of limitations on simple written contracts. Under the holding in *Flewellen* which permits an insured to establish his retroactive right to optional PIP benefits in the amount of $50,000, the Supreme Court in *Bryant v. Allstate Ins. Co.*, 254 Ga. 328 (326 SE2d 753) (1985), held that in the event of an automobile accident the statute of limitations begins to run from the date of the accident.

Accordingly, we find that appellant's claim is barred by the statute of limitations.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*Don C. Keenan, David S. Bills*, for appellant.
*Charles A. Wiley, Jr., Denmark Groover, Jr.*, for appellee.