## 70423. LEADER NATIONAL INSURANCE COMPANY v. PENSON.
### (336 SE2d 595)

BEASLEY, Judge.

This case is another of the many stemming from *Jones v. State Farm &c. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980) and *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), involving liability of an insurance company for optional personal injury protection (PIP) coverage under OCGA § 33-34-5 (former Code Ann. § 56-3404b) as it existed prior to November 1, 1982.

On April 2, 1976, Willie Penson completed an application for automobile insurance with Leader. His wife Margie was not a co-applicant or a named co-insured on the application. The insurance company issued the policy which included coverage for Mr. Penson from April 2, 1976, until April 2, 1977, and which purported to provide PIP or "no-fault" coverage in the minimum required amount of $5,000.

On March 12, 1977, Willie Penson, while a pedestrian, was killed in a motor vehicle accident. At the time of the death, Mrs. Penson did not have another automobile insurance policy nor, she claims, had ever read her husband's policy with Leader. She made no claim to the insurance company and initiated no communication with it in 1977. Apparently in 1983, Mrs. Penson saw a newspaper advertisement about possible recovery for certain individuals for PIP benefits due to the changes wrought by *Jones* and *Flewellen*; she then sought legal counsel.

On December 14, 1983, Penson's counsel wrote the insurer: "At this time, our client does hereby demand payment for all unpaid Personal Injury Protection benefits up to $50,000.00 in accord with O.C.G.A. §§ 33-34-4 and 33-34-5 (Michie, 1982). Our client hereby tenders to Leader National Insurance Company all premiums due for $50,000.00 PIP coverage under the above-referenced policy from the effective date of that insurance contract through and including March 12, 1977, the date of the collision. Please provide us with the amount due for such benefits and we will immediately remit said sum to you. Please accept this as our client's unconditional tender of such

sum. . . .

"Demand is hereby made for prompt payment of all sums due to our client under the authority of O.C.G.A. §§ 33-34-4 (b) and 33-34-5."

On December 22, the attorney sent a follow-up letter with a copy of the December 14 demand. By letter of January 3, 1984, the insurance company's claims manager notified Penson's counsel: "please be advised that due to the age of this loss, we do not have any records in this office. Therefore, I have requested this file from our Home Office. Until I receive the file, I am not in a position to accept or reject your demand at this time." Penson's lawyer wrote again on February 7, asking whether the needed information had been received and whether the company would require additional proof of economic losses.

On February 29, Penson filed suit in her own name against the insurance company alleging that as a result of the fatal collision and pursuant to the terms of the subject insurance policy, she was entitled to receive in monthly installments up to $50,000 as survivor's benefits under OCGA §§ 33-34-4 and 33-34-5 and that as of February 25, 1984, $45,539.60 in survivor's benefits had accrued. The complaint further alleged that the insurer had without good faith failed and refused to pay any portion of the accrued survivor's benefits. Penson sought $45,539.60 actual damages, statutory penalties not to exceed twenty-five percent of the amount of insurance benefits due under OCGA § 33-34-6, punitive damages, and costs of litigation including reasonable attorney fees.

Penson filed a motion for partial summary judgment and then an amended motion for partial summary judgment on the grounds that there were no genuine issues of material fact as to 1) her standing to pursue the claim in her own name, 2) the amount of optional PIP benefits available to her under the policy, 3) the defectiveness of the insurance application, 4) her right to activiate $50,000 PIP coverage, 5) her tender of the premium due for $50,000 PIP and 6) her submission of reasonable proof of her claim for survivor's benefits. The insurance company filed its motion for summary judgment.

Following a hearing, consideration of the record, briefs and arguments of counsel, the trial court entered an order denying the insurer's motion for summary judgment and granting Penson's amended motion for partial summary judgment after finding that Penson had standing to pursue the matter in her own name, that the insurance application did not fully or substantially comply with OCGA § 33-34-5 (b), that the policy provided for $50,000 PIP coverage from April 2, 1976 through and including March 12, 1977, that as the surviving spouse Penson had effectively activated the $50,000 PIP coverage provided under the policy by tendering the premium due

and submitting reasonable proof of her claim for survivor's benefits under OCGA § 33-34-5 (a) (2), and that her claim for survivor's benefits was not barred by OCGA § 9-3-24.

The insurance company appeals both the grant of Penson's motion and the denial of its motion. It contends that 1) appellee Penson is contractually barred from pursuing her claim because of a failure to comply with a condition in the insurance policy requiring notice to the insurance company as soon as practicable after an accident; 2) that the application for insurance signed by appellee's husband was in substantial compliance with OCGA § 33-34-5 (b); 3) that appellee's claim is barred by the applicable statute of limitations; 4) that the tender of payment for additional optional PIP coverage was a condition precedent to recovery by appellee; and 5) that the appellee had no standing to bring the present suit.

1. We first address appellee's standing to bring the lawsuit.

"Controversies arising under Georgia's Motor Vehicle Accident Reparations Act, OCGA § 33-34-1 *et seq.*, involve two separate claims. One claim is a claim to establish the insured's right to optional benefits, which is the additional coverage provided by OCGA § 33-34-5. See *Flewellen,* supra, 250 Ga. As stated by this court in *Flewellen,* id. at 710, this is 'a basically simple dispute: are the insureds entitled to coverage of $5,000 or $50,000 for personal injury protection under the terms of their no-fault insurance policies.' An insured must establish this claim by showing that he was not informed of his statutory right to optional benefits in accordance with the statutory scheme. *Flewellen,* supra, 250 Ga. at 710-712.

"A separate and distinct claim is a claim for any losses incurred by the insured to which the optional coverage might apply; that is, the insured must prove his damages by filing the appropriate proofs of loss and complying with applicable statutory and policy provisions." *Bryant v. Allstate Ins. Co.,* 254 Ga. 328 (326 SE2d 753) (1985).

Did appellee Penson have the right in her own name, to activate a claim for optional PIP benefits here? We conclude that she did.

There is no dispute that appellee is the lawful surviving spouse of the named insured. The surviving spouse of a deceased insured may, like the named insured, also receive and demand the benefit of $50,000 coverage upon tender of such additional premium as may be due, in a case in which the insurance applicant did not properly execute a signed rejection of optional benefits.

"The term 'insured' is defined under OCGA § 33-34-2 (5) (Code Ann. § 56-3402b) to include the spouse of the insured named in the policy. In addition, survivor's benefits constitute a portion of the optional benefits available under OCGA § 33-34-5 (Code Ann. § 56-3404b), and § 33-34-5 (2) (Code Ann. § 56-3404b) makes the spouse or dependent child or children the beneficiaries of these benefits." *Perry*

*v. Intl. Indem. Co.*, 251 Ga. 709, 710 (2) (309 SE2d 139) (1983). Here, Mrs. Penson was not merely an incidental insured or an incidental beneficiary. See *Occidental Fire & Cas. Co. v. Buyce*, 173 Ga. App. 881 (328 SE2d 574) (1985).

Appellee had standing pursuant to OCGA § 33-34-5 (a) (2) (Code Ann. § 56-3404b) to claim as survivor's benefits whatever PIP benefits would have been payable to Mr. Penson had he lived but been totally disabled. As the surviving spouse, she was also entitled to tender the additional premium for any additional PIP coverage to which Mr. Penson would have been entitled. See *Intl. Indem. Co. v. Woods*, 169 Ga. App. 830, 831 (2) (315 SE2d 20) (1984). Appellee was in a position to activate the claim in her own right. It did not have to be made by the personal representative of her husband's estate, which she was not at the time.

2. We now address whether or not appellee's claim to the insurance company is time-barred as a matter of law. When must appellee Penson have made the initial claim to establish her right to optional coverage under OCGA § 33-34-5? The applicable statute of limitation here is OCGA § 9-3-24 which provides in pertinent part: "All actions upon promissory notes, drafts, or other simple contracts in writing shall be brought within six years after the same become due and payable."

The earliest an action to obtain retroactive coverage for additional PIP benefits could be successfully maintained by appellee Penson would have been the date of her husband's fatal accident, March 12, 1977.[1] The statute of limitation in claims for optional benefits begins to run on the date of the accident, and therefore the claim for optional benefits under OCGA § 33-34-5 must be filed within six years thereof. *Bryant v. Allstate Ins. Co.*, supra. See also *Georgia Farm Bureau Mut. Ins. Co. v. Musgrove*, 254 Ga. 333 (328 SE2d 565) (1985); *Commercial Union Ins. Co. v. Hawkins*, 254 Ga. 331 (328 SE2d 532) (1985). Here there is no evidence of any circumstance which would raise a question of any tolling of the running of OCGA § 9-3-24. We have already determined in Division 1 that Penson had standing to claim in her individual capacity. Therefore there is no possible tolling of the statute of limitation in favor of Mr. Penson's estate by virtue of any alleged lack of representation of the estate during the applicable six-year period. See OCGA § 9-3-92.

More than six years having elapsed, appellee's suit is stale. On this basis alone, the trial court erred in granting partial summary judgment to Penson and in denying summary judgment to the insur-

---

[1] Basic PIP benefits would become due and payable as well on the date of the fatal accident.

ance company.

Our decision renders it unnecessary to address the remaining issues raised by appellant in this appeal.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 18, 1985.

*Roger Mills, James S. Strawinski*, for appellant.
*Douglas F. Aholt*, for appellee.