Donald WAGNER, Plaintiff–Appellant,

v.

**GRANGE INSURANCE ASSOCIATION,** Defendant–Appellee.

No. 06CA0172.

Colorado Court of Appeals, Div. IV.

June 28, 2007.

Hagens Berman Sobol Shapiro, LLP, Robert B. Carey, Phoenix, Arizona, for Plaintiff–Appellant.

Levy, Morse & Wheeler, PC, Stuart D. Morse, Brian J. Waters, Englewood, Colorado, for Defendant–Appellee.

Opinion by Judge HAWTHORNE.

In this Colorado Automobile Accident Reparations Act (No–Fault Act) case, plaintiff, Donald Wagner, appeals the trial court's judgment dismissing his complaint for failure to state a claim for which relief can be granted. We reverse and remand this case for further proceedings.

## I. Background

Wagner was involved in an automobile accident on July 27, 1993. At the time of the accident, he was the driver of the vehicle insured by defendant, Grange Insurance Association, and the policyholder was Marcia Wagner, his mother.

The policy that covered Wagner provided only basic personal injury protection (PIP) benefits. As relevant to this case, these included (1) up to $50,000 compensation for reasonable and necessary medical expenses for services performed within five years of an accident; (2) up to $50,000 compensation for rehabilitation services performed within ten years of an accident; and (3) compensation of up to $400 per week for fifty-two weeks for lost wages. *See* Colo. Sess. Laws 1973, ch. 94, § 13–25–6 at 336 (formerly codified as amended at § 10–4–706; entire act repealed effective July 1, 2003, Colo. Sess. Laws 2002, ch. 189, § 10–4–726 at 649).

When Grange issued the policy and at the time of Wagner's accident, § 10–4–710(2)(a) of the No–Fault Act required Grange to offer enhanced PIP benefits including:

(I) Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitation; or

(II) Compensation of all expenses of the type described in section 10–4–706(1)(b) without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commenc-

ing on the day after the date of the accident without dollar or time limitations.

Colo. Sess. Laws 1992, ch. 219 at 1779.

In 1996, a division of this court determined that where an insurer failed to offer enhanced PIP benefits as mandated by former § 10–4–710, a passenger injured in a car accident could have the insurance contract reformed to include enhanced benefits. *Thompson v. Budget Rent–A–Car Sys., Inc.,* 940 P.2d 987 (Colo.App.1996). That principle has been applied in subsequent cases. *See Snipes v. Am. Family Mut. Ins. Co.,* 134 P.3d 556, 558 (Colo.App.2006); *Brennan v. Farmers Alliance Mut. Ins. Co.,* 961 P.2d 550, 554 (Colo.App.1998).

Wagner filed suit in 2005, alleging that Grange failed to offer enhanced PIP benefits as required by former § 10–4–710. He sought a declaratory judgment that Grange's omission violated the No–Fault Act, reformation of the insurance contract to include enhanced PIP benefits, and damages for breach of the insurance contract, statutory bad faith, and common law bad faith.

Grange moved to dismiss under C.R.C.P. 12(b)(5), arguing that Wagner's claims were time barred by the three-year statute of limitations for the No–Fault Act claims. Colo. Sess. Laws 1986, ch. 114, § 13–80–101(1)(j) at 696. The trial court dismissed Wagner's complaint, finding that his claims accrued on the date of the accident, July 27, 1993, and were time barred because they were not brought within three years of that date. This appeal followed.

## II. Motion to Dismiss

Wagner contends that the trial court erred in granting Grange's motion to dismiss because, he argues, his claims did not accrue on the date of the accident. We agree.

### A. Standard of Review

The purpose of a C.R.C.P. 12(b)(5) motion to dismiss is to test the formal sufficiency of the plaintiff's complaint. *Barton v. Law Offices of John W. McKendree,* 126 P.3d 313, 314 (Colo.App.2005). A court reviewing such a motion must "accept all matters of material fact in the complaint as true and

view the allegations in the light most favorable to the plaintiff." *BRW, Inc. v. Dufficy & Sons, Inc.,* 99 P.3d 66, 71 (Colo.2004). C.R.C.P. 12(b)(5) motions should only be granted when "the plaintiff's factual allegations cannot support a claim as a matter of law." *BRW, Inc., supra,* 99 P.3d at 71.

■ We review de novo a trial court's decision to grant a C.R.C.P. 12(b)(5) motion to dismiss. *Negron v. Golder,* 111 P.3d 538, 542 (Colo.App.2004).

## B. Dismissal Based Upon the Statute of Limitations

Generally, defendants in Colorado have not been allowed to raise the statute of limitations defense under C.R.C.P. 12(b)(5). *See, e.g., Davis v. Bonebrake,* 135 Colo. 506, 313 P.2d 982 (1957). However, divisions of this court have recognized an exception "where the bare allegations of the complaint reveal that the action was not brought within the required statutory period." *SMLL, L.L.C. v. Peak Nat'l Bank,* 111 P.3d 563, 564 (Colo. App.2005); *see Harrison v. Pinnacol Assurance,* 107 P.3d 969, 971 (Colo.App.2004); *see also Quiroz v. Goff,* 46 P.3d 486, 488 (Colo.App.2002)(allowing defendant to raise statute of limitations defense in a C.R.C.P. 12(c) motion for judgment on the pleadings).

■ Whether a particular claim is time barred presents a question of fact and may only be decided as a matter of law when "the undisputed facts clearly show that the plaintiff had, or should have had the requisite information as of a particular date." *Sulca v. Allstate Ins. Co.,* 77 P.3d 897, 899 (Colo.App. 2003); *see Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152, 158–59 (Colo.App.1995) (determination of time when a claim accrues is normally a question of fact for the jury). The determination of when a cause of action accrues depends upon "knowledge of the facts essential to the cause of action, not knowledge of the legal theory upon which the action may be brought." *Winkler, supra,* 923 P.2d at 159. Knowledge is defined as "an awareness or an understanding," and actual knowledge is defined as "[an awareness or an understanding] of such information as would lead a reasonable person to inquire further." *Black's Law Dictionary* 876 (8th ed.2004).

## C. Analysis

■ The parties agree that because Wagner's claims arise under the No–Fault Act, they are governed by the three-year statute of limitations, § 13–80–101(1)(j), C.R.S.2006. However, the parties dispute when Wagner's claims accrued.

A claim for breach of contract accrues when "the breach is discovered or should have been discovered by the exercise of reasonable diligence." Section 13–80–108(6), C.R.S.2006. A cause of action for "losses or damages not enumerated in [title 13, article 80] shall be deemed to accrue when the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." Section 13–80–108(8), C.R.S.2006.

Accordingly, Wagner's claims accrued on the date when he knew or should have known that Grange failed to offer enhanced PIP benefits to the policyholder. *See* § 13–80–108(6), (8); *Nelson v. State Farm Mut. Auto. Ins. Co.,* 419 F.3d 1117, 1121 (10th Cir.2005) (under Colorado law, a claim for extended PIP benefits accrues when plaintiff "knew or should have known that [the insurer] had not offered him extended PIP benefits").

The trial court found that Wagner's claims accrued on the date of the accident, July 27, 1993. We conclude this finding was in error.

■ Generally, personal injury claims such as the one before us accrue on the date a person becomes aware of the injury and its cause, which is on the date of the accident. *See* § 13–80–108(1), C.R.S.2006; *Reider v. Dawson,* 856 P.2d 31, 33 (Colo.App.1992), *aff'd in part and remanded,* 872 P.2d 212 (Colo.1994). Here, however, Wagner's claims are not personal injury claims. They are claims based upon Grange's alleged statutory violation, breach of contract, and bad faith. No allegations on the face of the complaint indicate that Wagner knew or should have known of the facts giving rise to these claims on the date of the accident, and the trial court did not explain why the acci-

dent would have made Wagner aware of Grange's failure to offer enhanced PIP benefits or require him to inquire into whether such benefits were offered.

We assume for the purposes of our review the allegations in the complaint are true. However, we cannot determine from the complaint when Wagner knew, or should have known, that Grange failed to offer enhanced PIP benefits. Wagner does not allege when he learned that Grange had failed to offer such benefits to its policyholder. But he alleges that he did not know, nor should he have known, about the conduct giving rise to his causes of action.

Grange's reliance on *Bryant v. Allstate Insurance Co.*, 254 Ga. 328, 326 S.E.2d 753 (1985), is misplaced for two reasons. First, *Bryant* considered a statute of limitations and accrual date entirely different from those involved in this case. *See Bryant, supra*, 326 S.E.2d at 755 (noting the case was governed by Georgia's six-year statute of limitations, and under Georgia law a claim accrues "on the date that suit on the claim can first be brought").

Second, the *Bryant* court determined that the *earliest possible date* a policyholder could maintain an action based upon an insurer's failure to offer enhanced insurance coverage was the date of the accident. *Bryant, supra*, 326 S.E.2d at 755. The court did not consider the situation here, where a nonpolicyholder has asserted the insurer failed to offer its insured enhanced benefits.

Federal courts considering claims under Colorado law, based upon an insurer's failure to offer enhanced PIP benefits, that involve injury to nonpolicyholders have held that claims may accrue after the date of the accident. *See Sanford v. Allstate Indem. Co.*, 2006 WL 3262840 (D.Colo. No. 05–CV–00728–EWN–BNB, Nov. 9, 2006) (unpublished order and memorandum) (passenger's claim accrued on (1) the date he retained counsel in his personal injury case; (2) the date he received letters from the insurer indicating he would receive basic PIP coverage; or (3) the date he stopped receiving PIP benefits); *Schimmer v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 2361810 (D.Colo. No. 05–CV–02513–MSK, Aug. 15, 2006) (un-

published order) (under Colorado law, passenger's claim accrued when he received letters from insurer indicating his PIP coverage was of limited duration and amount); *Colby v. Progressive Cas. Ins. Co.*, 2006 WL 1816448 (D. Colo. No. 04–CV–00761–WDM–BNB, June 30, 2006) (unpublished order) (passenger's claim accrued on the date he received his last payment of his basic PIP benefits). We find the reasoning in these cases persuasive here. *See* 10th Cir. R. 32.1.

Contrary to Grange's contention, permitting claims for failure to offer enhanced PIP benefits to accrue after the date of the accident would not permit insured parties to "delay suit indefinitely before asserting this right to retroactive coverage," or otherwise undermine the purposes of the statute of limitations. *Bryant, supra*, 326 S.E.2d at 755. Plaintiffs cannot delay the operation of the statute of limitations indefinitely; they must prove that they filed their actions within the statutory period following accrual of their claims.

Because Wagner's allegations do not clearly demonstrate that his complaint was brought outside the statutory period, and because the application of the statute of limitations in this case presents a factual question that cannot be resolved based on those allegations, we conclude that the trial court erred in granting Grange's motion to dismiss. *See Harrison, supra*, 107 P.3d at 971.

### III. Motion to Strike

■ Wagner contends that the trial court erred in denying his motion to strike because, as a matter of law, a statute of limitations defense may not be raised in a motion to dismiss. We disagree.

■ Under C.R.C.P. 12(f), a court may strike a responsive pleading when it "fails to state a legal defense." A motion to strike for failure to state a legal defense is analogous to a C.R.C.P. 12(b)(5) motion and governed by the same standards. *See* 1B Cathy Stricklin Krendl & James R. Krendl, *Colorado Methods of Practice* § 29.6 (5th ed.2006) (citing *Simpson v. Alaska State Comm'n for Human Rights*, 423 F.Supp. 552 (D.Alaska 1976), *aff'd*, 608 F.2d 1171 (9th Cir.1979)). A

court should only grant a motion to strike when the defendant's "factual allegations cannot support a [defense] as a matter of law." *BRW, Inc., supra,* 99 P.3d at 71.

We conclude as a matter of law that Grange was not precluded from raising the statute of limitations defense in a motion to dismiss, *SMLL, L.L.C., supra,* 111 P.3d at 564; *Harrison, supra,* 107 P.3d at 971, that the statute did not begin to run on the date of the accident, and that the trial court erred in dismissing the case.

The judgment is reversed, and the case is remanded for reinstatement of Wagner's complaint and further proceedings in accordance with this opinion.

Judge VOGT and Judge GRAHAM concur.