**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEAN COLBY,

Plaintiff-Appellant,

v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY, an Ohio
corporation,

Defendant-Appellee.

No. 06-1301
(D.C. No. 04-cv-00761-WDM-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BRORBY**, and **McCONNELL**, Circuit Judges.

Plaintiff Dean Colby appeals from the district court's grant of summary

judgment in favor of defendant Progressive Casualty Insurance Company

(Progressive). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and we

affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Colby is a quadriplegic as the result of an automobile accident on March 27, 1993, when he was a passenger in a vehicle owned and driven by Thomas Sumners, Jr. Mr. Sumners was the insured under an automobile insurance policy issued by Progressive. By operation of law, Mr. Colby, as a passenger in Mr. Sumner's vehicle with Mr. Sumner's consent, became eligible for Personal Injury Protection (PIP) coverage under Progressive's policy. Progressive paid up to the policy limits for PIP benefits to Mr. Colby, for a total payment of $129,900, which included $50,000 in rehabilitation benefits.

When the limits of Mr. Sumner's policy had been exhausted, Progressive ceased paying benefits and declined Mr. Colby's claim for additional rehabilitation benefits beyond the $50,000 policy limits. Mr. Colby then filed suit in Colorado state court seeking a declaratory judgment that Progressive was obligated to pay no-fault rehabilitation benefits in excess of $50,000. Although Mr. Colby was successful at the trial court level, the Colorado Court of Appeals reversed the summary judgment entered in his favor, and the Colorado Supreme Court affirmed, holding that Progressive was not obligated to pay further rehabilitation benefits. *See Colby v. Progressive Cas. Ins. Co.*, 928 P.2d 1298, 1301-02 (Colo. 1996).

Over seven years later, in April 2004, Mr. Colby filed the underlying lawsuit in federal district court and argued for the first time that Progressive had failed to inform Mr. Sumners of his right to purchase enhanced PIP coverage

under Colo. Rev. Stat. § 10-4-710.  Mr. Colby asserted the following claims for relief: (1) declaratory relief and reformation of the insurance policy based on alleged violations of Colo. Rev. Stat. §§ 10-4-706, 10-4-710; (2) breach of insurance contract; (3) statutory bad faith; and (4) breach of the implied covenant of good faith and fair dealing.  The parties filed cross-motions for summary judgment.  The district court granted summary judgment in favor of Progressive, concluding that Mr. Colby's claims were barred by the relevant statutes of limitation.  This appeal followed.

Mr. Colby argues on appeal that the district court erred in granting summary judgment in favor of Progressive because the district court made factual determinations that should have been reserved for the jury.  We review de novo the district court's grant of summary judgment, applying the same standard as the district court.  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Id*.  In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the party opposing the motion.  *Id*.

Having considered the briefs, the record, and the applicable law, we agree with the district court's determination that Mr. Colby's claims were barred by the relevant statutes of limitation and therefore Progressive was entitled to summary

judgment in its favor.  Accordingly, we AFFIRM the district court's judgment for substantially the same reasons stated by the district court in its Order filed June 30, 2006.

Entered for the Court

Michael W. McConnell
Circuit Judge