**Dina MURRY, Plaintiff–Appellant,**

v.

**GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, f/k/a Midwest Mutual Insurance Company, Defendant–Appellee.**

**No. 07CA1150.**

Colorado Court of Appeals, Div. II.

Sept. 4, 2008.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

The Carey Law Firm, Robert B. Carey, Leif Garrison, Colorado Springs, Colorado, for Plaintiff–Appellant.

Wheeler Trigg Kennedy, LLP, John M. Vaught, Sean D. Baker, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

Dina Murry (pedestrian) appeals the trial court's summary judgment granted to GuideOne Specialty Mutual Insurance Company (insurer) in her action seeking reformation of an automobile insurance contract. We conclude that the pedestrian's claims are time barred and therefore, we affirm.

The following facts are not disputed. On September 26, 1995, the pedestrian was helping a stranded motorist when she was struck and severely injured by a vehicle driven by a drunk driver. The vehicle was owned by the driver's brother (insured) and covered by an insurance policy issued by the insurer. On

October 9, 1995, the pedestrian retained an attorney to assist her in obtaining compensation for her considerable injuries.

In January 1996, the insurer initiated an action for interpleader and declaratory relief, seeking contribution from other insurers and a declaration that it satisfied its medical benefit obligations to the pedestrian by depositing $100,000 in the court registry, the maximum amount available under the basic no-fault insurance policy covering the vehicle at the time. All the parties agreed that the pedestrian's expenses would far exceed this amount. The insurer then paid wage loss benefits to the pedestrian through September 1996. The pedestrian's attorney remained the attorney of record in the insurer's interpleader action at least through July 2000.

Neither the pedestrian nor her attorney sought benefits beyond those provided by the basic coverage, nor questioned whether she was entitled to additional benefits from the insurer. In 2005, the pedestrian received a class action notice for a claim filed in *Soto v. Progressive Mountain Insurance Co.*, 181 P.3d 297 (Colo.App.2007). The notice led her to contact an attorney in that case to determine if she might have a similar claim against the insurer.

After investigating her potential claims, the pedestrian's new attorney filed a complaint on her behalf and against the insurer on October 20, 2005. The complaint alleged that the insurer had failed to comply with the requirement that it offer extended personal injury protection (PIP) benefits as then required by statute and sought reformation of the insurance policy covering her damages to include the extended benefits. *See* Colorado Auto Accident Reparations Act (CAARA), Ch. 94, sec. 1, § 13–25–1, et seq., 1973 Colo. Sess. Laws 334 (formerly codified as amended at § 10–4–701, et seq.; repealed effective July 1, 2003, Ch. 189, sec. 1, § 10–4–726, 2002 Colo. Sess. Laws 649). She also asserted claims for breach of contract, willful and wanton bad faith, common law bad faith, estoppel, and tolling of the statute of limitations.

After a brief period of discovery, the insurer filed a motion for summary judgment, arguing that the pedestrian's claims accrued at the latest when she stopped receiving wage loss benefits in 1996, and therefore, her claims were barred by the applicable three-year statute of limitations. The pedestrian responded that she did not know, nor should she have known, of the insurer's failure to offer the required extended coverage to the insured until she was advised of that possibility by her new attorney in 2005.

The trial court concluded that the pedestrian's claim had accrued at the latest with the announcement of *Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550 (Colo.App.1998), and, therefore, her claims were time barred pursuant to section 13–80–101(1)(j), C.R.S.2007. The trial court then granted the insurer's motion for summary judgment. This appeal followed.

## I. Standard of Review

■ We review an order granting a motion for summary judgment de novo. *Morrison v. Goff*, 91 P.3d 1050, 1052 (Colo.2004). Summary judgment is a drastic remedy that should only be granted when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* C.R.C.P. 56; *AviComm, Inc. v. Colo. Pub. Utils. Comm'n*, 955 P.2d 1023, 1029 (Colo.1998).

■ We interpret a statute of limitations consistently with its purpose of promoting justice, avoiding unnecessary delay, and preventing the litigation of stale claims. *Morrison*, 91 P.3d at 1052. A cause of action accrues on the date when "the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable diligence." § 13–80–108(8), C.R.S.2007. The point of accrual is usually a question of fact, but if the undisputed facts clearly show when a plaintiff discovered or should have discovered the damage or conduct, the issue may be decided as a matter of law. *Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152, 158–59 (Colo.App.1995).

## II. Colorado's No–Fault Insurance Act

CAARA was enacted with the purpose of preventing inadequate compensation to victims of auto accidents. *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1072 (10th Cir.2007); *Brennan*, 961 P.2d at 553. Former section 10–4–706(1) required insurers to offer a basic level of PIP benefits that included, as pertinent here, $50,000 for medical services, $50,000 for rehabilitation services, and fifty-two weeks of wage loss reimbursements. *Stickley*, 505 F.3d at 1072. Former section 10–4–707(1) made these basic levels applicable to the named insured, his or her resident relatives, vehicle passengers, and pedestrians injured by the covered vehicle. *Id.; Brennan*, 961 P.2d at 553. Former section 10–4–710(2)(a) also required insurers to offer extended coverage that included unlimited medical and wage loss benefits in exchange for higher premiums. *Stickley*, 505 F.3d at 1074.

In 1996, a division of this court held that when an insurer failed to offer the required extended coverage, such coverage was deemed incorporated into the policy by operation of law, and the policy had to be reformed accordingly. *Thompson v. Budget Rent–A–Car Sys., Inc.*, 940 P.2d 987, 990–91 (Colo.App.1996).

In 1998, another division of this court held that the extended coverage requirement of former section 10–4–710 applied to the same categories of people described in former section 10–4–707(1), including pedestrians. *Brennan*, 961 P.2d at 553. There, the insured purchased extended PIP coverage which specifically excluded pedestrians. *Id.* at 552. The division held that the insurer failed to offer the required extended coverage and that the injured pedestrian was entitled as a matter of law to a reformed insurance contract that included extended PIP benefits. *Id.* at 554.

In 2003, the Tenth Circuit Court of Appeals held that the *Brennan* holding applied retroactively to pedestrians injured before 1998. *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234 (10th Cir.2003). There, the pedestrian was injured in 1996 by a vehicle insured with a non-compliant policy that excluded pedestrians from its extended coverage offerings. *Id.* at 1237. That insured had declined the extended coverage offer and the insurer notified the pedestrian that only basic PIP benefits were available. *Id.* After *Brennan* was decided, the insurer amended the insurance policy to include pedestrians in its extended coverage offerings. *Id.* at 1239–40. In 2000, the pedestrian sued the insurer, seeking reformation of the policy as required by *Brennan*. *Id.* at 1240. The district court dismissed the suit on the ground that *Brennan* could not be applied retroactively. *Id.* However, a panel of the Tenth Circuit concluded otherwise and reversed, stating: "*Brennan* held, as a matter of law that any insurance policy under which the named insured was not offered extended PIP benefits for injured pedestrians must be reformed to include those benefits." *Id.* at 1244.

## III. CAARA's Statute of Limitations and Accrual

■ Claims arising under CAARA are governed by a three-year statute of limitations. § 13–80–101(1)(j); *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo.App.2007). A claim asserting that an insurer failed to offer required extended coverage accrues, starting the statute of limitations clock, when the plaintiff "knew or should have known that [the insurer] failed to offer [the required] enhanced PIP benefits to the policyholder." *Wagner*, 166 P.3d at 307.

■ The point of accrual requires knowledge of the facts essential to the cause of action, not knowledge of the legal theory supporting the cause of action. *Winkler*, 923 P.2d at 159. "Actual knowledge" is knowledge "of such information as would lead a reasonable person to inquire further." *Black's Law Dictionary* 888 (8th ed.2004). Plaintiffs are required to exercise reasonable diligence in discovering the relevant circumstances of their claims. § 13–80–108(8). They are judged on an objective standard that does not reward denial or self-induced ignorance. *Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 900 (Colo.App.2003).

Since *Brennan* was decided, numerous plaintiffs have sought reformation of their

insurance policies to include extended PIP benefits due to the insurer's failure to offer statutorily-compliant policy provisions. *See, e.g., Padhiar v. State Farm Mut. Auto. Ins. Co.,* 479 F.3d 727 (10th Cir.2007); *Folks v. State Farm Mut. Auto. Ins. Co.,* 2007 WL 2993595 (10th Cir. No. 05–1356, Oct. 15, 2007) (not selected for publication); *Clark,* 319 F.3d 1234; *Jewett v. American Standard Ins. Co.,* 178 P.3d 1235 (Colo.App.2007); *Wagner,* 166 P.3d 304.

However, many of these claims have been deemed untimely pursuant to section 13–80–101(1)(j). *See Nelson v. State Farm Mut. Auto. Ins. Co.,* 419 F.3d 1117 (10th Cir.2005); *Sanford v. Allstate Indem. Co.,* 2006 WL 3262840 (D.Colo. No. 05–CV–00728–EWN–BNB, Nov. 9, 2006) (unpublished order and memorandum); *Schimmer v. State Farm Mut. Auto. Ins. Co.,* 2006 WL 2361810 (D.Colo. No. 05–CV–02513–MSK, Aug. 15, 2006) (unpublished order); *Colby v. Progressive Cas. Ins. Co.,* 2006 WL 1816448 (D. Colo. No. 04–CV–00761 –WDM–BNB, June 30, 2006) (unpublished order), *aff'd,* 218 Fed. Appx. 796, 2007 WL 603051 (10th Cir.2007) (not selected for publication).

The pivotal issue in these cases is the point at which the plaintiff's claim accrued. In *Sanford,* the district court held that the plaintiff's claim accrued on any one of the following, each of which occurred more than three years before suit was filed: (1) the date he retained counsel; (2) the date he received letters from the insurer explaining his basic PIP coverage; or (3) the date he stopped receiving basic PIP benefits. 2006 WL 3262840, at *8–*11.

In *Folks,* the appellate court held that the plaintiff, an injured pedestrian, knew or should have known that the insurer failed to offer enhanced PIP benefits on the day she retained counsel. 2007 WL 2993595, at *6. That day was April 16, 1998, three months after *Brennan* was decided, twelve days after she was injured, and seven days after she was informed by the insurer that it would pay only basic PIP benefits. *Id.* at *5.

In *Schimmer,* the district court held that the plaintiff's claim accrued on the day he received letters from the insurer explaining the benefit provisions of the insured's policy.

2006 WL 2361810, at *4. The court reasoned that the letters provided the plaintiff with the information needed to deduce or investigate the remaining facts necessary to support his claim. *Id.*

In *Nelson,* the appellate court concluded that the plaintiff's claim accrued on the day he received his final wage loss benefit payment from the insurer. 419 F.3d at 1121. The court reasoned that that was the point at which the plaintiff should have known that the insurer had not offered him extended PIP benefits. *Id.; see also Colby,* 2006 WL 1816448, at *2.

We recognize that while we are bound by decisions of the United States Supreme Court on matters of federal law, we are not bound by the decisions of the lower federal courts. *People v. Barber,* 799 P.2d 936, 939–40 (Colo.1990). Nonetheless, such decisions may be considered persuasive authority.

## IV. Analysis and Conclusion

The trial court found, and the parties do not dispute, that the pedestrian first had knowledge of her actual claim for relief at or about the time she filed her complaint in 2005. However, the critical issue here is when the pedestrian *should have known* that the insurer failed to offer the required extended coverage to the insured.

The trial court found that any of three key events should have caused the pedestrian to investigate her potential claim. First, it concluded that the pedestrian was aware that she would only receive basic PIP benefits when she first filed for benefits in 1995. Second, it concluded that she knew as of September 1996 that she would no longer receive PIP wage loss benefits when she received her final benefit payment. Third, it concluded that she was represented by counsel at all pertinent times including the date the *Brennan* decision was announced. Because the announcement of the *Brennan* decision would establish the accrual point for the pedestrian's claims at the latest in 1998, the trial court concluded that the pedestrian's 2005 complaint was time barred.

The pedestrian asserts that none of those events would have caused a reasonable person in her position to suspect that the insurer had failed to offer the required extended coverage to the insured. She asserts that she reasonably relied on the insurer's representations and the first trial court's conclusion that she was limited to the basic PIP benefits provided in the insured's policy. The pedestrian further asserts that the events causing accrual of her claim were the notification of her potential inclusion in the *Soto* class action lawsuit and the federal court's decision in *Clark* holding that *Brennan* applied retroactively. We are not persuaded.

The events that the pedestrian relies upon as accrual events are pertinent to the legal theories supporting her claim only; they have no bearing on its factual underpinnings. Rather, she knew the facts essential to her claim and should have been motivated to inquire further in 1996 when the basic PIP benefits terminated. *See Nelson,* 419 F.3d at 1121; *Wagner,* 166 P.3d at 308. The point at which she stopped receiving benefits was also the point at which her damages occurred. Shortly after that, while she was represented by counsel and well within the three-year statute of limitations, divisions of this court decided both *Thompson* and *Brennan,* which provided her counsel with sufficient information to initiate an investigation into the actions of the insurer. *See Thompson,* 940 P.2d 987 (decided in 1996); *Brennan,* 961 P.2d 550 (decided in 1998). Those were the cases relied upon by the plaintiff in *Clark* when he filed his complaint in 2000. *See Clark,* 319 F.3d at 1240. All the relevant facts pertinent to her claim, and the same case law, were available to the pedestrian in 1998.

■ The pedestrian argues that she did not personally know the relevant facts and law in 1998. However, the trial court found, with support in the record, that the pedestrian was represented by counsel at least through 2000. An attorney is presumed to know the law, and an attorney's knowledge is imputed to the client if it relates to the proceedings for which the attorney has been employed, as here, the recovery of insurance benefits. *In re Trupp,* 92 P.3d 923, 932 (Colo.2004); *Brodeur v. Indus. Claim Appeals Office,* 159 P.3d 810, 813 (Colo.App. 2007).

The pedestrian, along with her counsel, were required to exercise reasonable diligence in discovering the relevant circumstances of her claims. In 1996, she knew that the insurer would not offer her more than basic PIP benefits. The only difference between what she knew in 1996 and what she knew in 2005 was that in 2005 she knew that other people had successfully sued insurers on the same legal theories she wished to pursue. However, knowledge of the legal theory supporting a claim does not determine the date of accrual for that claim.

We conclude that any of the three events is independently sufficient to establish the accrual date of the pedestrian's claim: (1) the date she was advised that only basic benefits were available under the policy in 1996; (2) the date her basic benefits terminated in 1995; or (3) the date of announcement of *Brennan* applying *Thompson* to pedestrians while represented by counsel in 1998. Regardless of the accrual date chosen, though the earliest would undoubtedly apply, the three-year statute of limitations expired well prior to the filing of her complaint in this proceeding in 2005. Accordingly, the trial court did not err in granting summary judgment to the insurer on the ground that her claims were time barred.

The judgment is affirmed.

Judge TAUBMAN and Judge BERNARD concur.