Randy CROSBY, Robert Espinoza, Jamie Marquez, Mary James, Joy Sholts, Rochelle Duran, Juan Gonzales, Sandra Lesher–Thomas, Teresa Hill, and Robert J. Steele, Plaintiffs–Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, and American Standard Insurance Company of Wisconsin, a Wisconsin corporation, Defendants–Appellees.

Karen K. Rovenstine, Delores Baca, Ronald L. Vialpando, Juanita I. DeHerrera, David Campbell, and Rhonda Batson, Plaintiffs–Appellants,

v.

American Family Mutual Insurance Company, a Wisconsin corporation, and American Standard Insurance Company of Wisconsin, a Wisconsin corporation, Defendants–Appellees.

Nos. 09CA1998, 09CA2177.

Colorado Court of Appeals, Div. V.

Dec. 9, 2010.

Allen & Vellone, P.C., Patrick D. Vellone, Elizabeth M. Bryans, Archuleta Law Office, Joseph J. Archuleta, Denver, Colorado, for Plaintiffs–Appellants.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, Colorado, for Defendants–Appellees.

Franklin D. Azar & Associates, P.C., Franklin D. Azar, L. Dan Rector, Richard P. Barkley, Aurora, Colorado, for Plaintiffs–Appellants.

Opinion by Judge GRAHAM.

These two cases present identical issues on appeal and are therefore amenable to resolution in a single opinion.

In the first case, plaintiffs, Randy Crosby, Robert Espinoza, Jamie Marquez, Mary James, Joy Sholts, Rochelle Duran, Juan Gonzales, Sandra Lesher–Thomas, Teresa Hill, and Robert J. Steele (collectively, Denver County plaintiffs), appeal the Denver district court's summary judgment in favor of defendants, American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin (collectively, American Family).

In the second case, plaintiffs, Karen K. Rovenstine, Delores Baca, Ronald L. Vialpando, Juanita I. DeHerrera, David Campbell, and Rhonda Batson (collectively, El Paso County plaintiffs), appeal the El Paso County district court's summary judgment in favor of American Family.

We affirm.

## I. Background

These appeals are part of a long line of published and unpublished decisions issued by divisions of this court, Colorado district courts, the United States Court of Appeals for the Tenth Circuit, and the United States District Court for the District of Colorado addressing claims that automobile insurers have failed to offer insureds additional personal injury protection (PIP) benefits as mandated by the former Colorado Auto Accident Reparations Act (CAARA), Ch. 94, sec. 1, §§ 13–25–1 to –23, 1973 Colo. Sess. Laws 334–45 (formerly codified as amended at §§ 10–4–701 to –726; repealed effective July 1, 2003, Ch. 189, sec. 1, § 10–4–726, 2002 Colo. Sess. Laws 649).

The operative facts are undisputed. Plaintiffs were involved in automobile accidents, sustaining injuries. At the time of the accidents, they each were covered by automobile insurance policies issued by American Family. There is no dispute that their respective policies, which provided only basic PIP benefits, did not comply with the terms of then-applicable Colorado law, which required automobile insurers to provide customers with the option to purchase enhanced PIP benefits that provided unlimited medical and wage loss benefits (subject to total benefit caps). *See generally Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1237–38 (10th Cir.2003) (describing the PIP requirements of CAARA).

Several other American Family policyholders filed separate putative class action lawsuits against American Family based on its CAARA violations. Each lawsuit sought, among other things, reformation of the policies so that the policyholders would be entitled to the enhanced PIP benefits. Three putative class action suits are noted by the parties. The first was *French v. American Family Mutual Insurance Co.*, filed in El Paso County District Court in November 2000. The *French* plaintiffs alleged breach of contract and deceptive trade practice claims on behalf of a putative class consisting of all holders of defective American Family policies. Class certification in *French* was

denied on December 4, 2002. The next putative class action was *Marshall v. American Family Mutual Insurance Co.*, which was filed in Adams County District Court in April 2003. Its claims were similar to those in *French.* Class certification was denied on November 13, 2003. The third, *Hicks v. American Family Mutual Insurance Co.*, was filed in June 2004 in Boulder County District Court. *Hicks* sought reformation of insurance policies on behalf of a class of insureds that plaintiffs alleged included them. The *Hicks* class was certified and reformation was granted on November 2, 2005.

Meanwhile, American Family reviewed its policies in late 2000 and ultimately concluded that it had not complied with Colorado law. American Family alleges that in May 2004, it voluntarily notified some policyholders, including plaintiffs, that they might be eligible for policy reformation. Plaintiffs denied receiving the notification.

In the spring of 2007, American Family, acting under a court order in *Hicks,* notified plaintiffs that they were entitled to enhanced PIP benefits. Plaintiffs were expressly advised by the courts that the class action "only involves your rights to have the policy reformed" and that "[a]ny additional claim which you may have against American Family arising from either delay in promptly notifying you of additional benefits or other grievances you may have against American Family ... are not covered by this class action lawsuit." Plaintiffs acknowledge receiving this notification. A tolling agreement existed from June 29, 2007 until March 2, 2008.

On June 6, 2008, Denver County plaintiffs, and on June 17, 2008, El Paso County plaintiffs filed a complaint alleging similar causes of action against American Family:

(1) breach of contract, because American Family failed to pay enhanced PIP benefits in a timely fashion;

(2) willful and wanton statutory bad faith, because American Family had failed to disclose that its policies did not comply with Colorado law, even though it had known of the noncompliance since 2000, had failed to disclose that plaintiffs were entitled to additional PIP coverage, had deceived plaintiffs regarding PIP benefits available to them "by affirmatively concealing the failure to offer the required coverage," and had failed to pay enhanced PIP benefits;

(3) bad faith breach of insurance contract, because American Family had failed to offer enhanced PIP benefits as required by Colorado law, had misinformed plaintiffs regarding their PIP coverage in violation of CAARA, had concealed the existence of enhanced PIP coverage, had failed to reform plaintiffs' policies to provide for enhanced PIP benefits even though it was aware plaintiffs were entitled to enhanced PIP coverage, had failed to "explore" plaintiffs' entitlement to enhanced PIP benefits when they exceeded one or more of the basic PIP benefit limits; had failed to notify plaintiffs "either through a voluntary reformation program or by advising the class administrator in *Hicks* " of their entitlement to enhanced PIP benefits, and had compelled plaintiffs to institute litigation to recover amounts due under their insurance policies, even though it was aware of the controlling case law; and

(4) fraudulent concealment and misrepresentation, because American Family had failed to disclose that its policy did not comply with Colorado law even though it had known of the noncompliance since 2000, had "persisted" in sending out basic PIP notifications of benefits or had failed to refute basic PIP notifications previously sent that "deliberately misadvised" plaintiffs that they were entitled to only minimum PIP benefits, and had "intentionally, actively, negligently, and fraudulently concealed" from plaintiffs their entitlement to additional PIP benefits.

American Family moved for summary judgment in both cases, arguing that plaintiffs' contract and tort claims were barred by the applicable three-year statute of limitations. Both trial courts granted summary judgment for American Family and dismissed plaintiffs' claims based on the three-year statute of limitations. Each court concluded that, pursuant to *Murry v. GuideOne Specialty Mut. Ins. Co.*, 194 P.3d 489 (Colo. App.2008), plaintiffs' claims accrued when they "knew or should have known" that

American Family "would not offer more than basic PIP benefits." Both courts found that the accrual dates set forth in American Family's motion were accurate. The following accrual dates reflect, at the latest, when plaintiffs retained counsel in connection with their PIP benefits claims, or in the case of three individuals, when their basic PIP benefits ended: Crosby, May 31, 2001; Espinoza, July 27, 1998; Marquez, July 27, 2001; James, August 1996, assuming her claims were cognizable; Sholts, April 13, 1998; Duran, April 6, 1999; Gonzales, January 10, 2003, assuming his claims were cognizable; Lesher–Thomas, May 11, 2003, assuming her claims were cognizable; Hill, September 24, 1999; Steele, January 24, 2001; Rovenstine, March 7, 1997; Baca, April 20, 1998; Vialpando, January 17, 2002; DeHerrera, July 7, 1993, assuming she was a *Hicks* class member and her claims were cognizable; Campbell, May 17, 2001; and Batson, February 22, 2002.

Both courts rejected plaintiffs' contention that the reformation order in *Hicks* revived their "stale claims," concluding that to "allow such an interpretation would be contrary to the stated public policy of discouraging unnecessary delay, precluding the prosecution of stale claims and promoting justice." This appeal followed.

## II. Standard of Review

■ We review the trial courts' grant of summary judgment de novo. Summary judgment is a drastic remedy and may only be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Murry*, 194 P.3d at 491. "A material fact is a fact that affects the outcome of a case." *Trigg v. State Farm Mut. Auto. Ins. Co.*, 129 P.3d 1099, 1101 (Colo.App.2005).

■ We interpret a statute of limitations consistently with its purpose of promoting justice, avoiding unnecessary delay, and preventing the litigation of stale claims. *Murry*, 194 P.3d at 491. A cause of action accrues on the date when "the injury, loss, damage, or conduct giving rise to the cause of action is discovered or should have been discovered by the exercise of reasonable dili-

gence." § 13–80–108(8), C.R.S.2010. The time of accrual is usually a question of fact, but if the undisputed facts clearly show when a plaintiff discovered or should have discovered the damage or conduct, the issue may be decided as a matter of law. *Murry*, 194 P.3d at 491.

■ The argument that a claim is barred by a statute of limitations is an affirmative defense on which American Family bears the burden of proof. It must establish the facts demonstrating the accrual of the claims, the applicable statute of limitations, and its expiration prior to the filing of these suits. To the extent that plaintiffs argue that the running of the applicable statute is tolled, they bear the burden of coming forward with facts sufficient to demonstrate that tolling is appropriate. *See Goldsmith v. Learjet, Inc.*, 90 F.3d 1490, 1496 (10th Cir. 1996).

## III. CAARA

■ CAARA was enacted with the purpose of preventing inadequate compensation to victims of auto accidents. *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1072 (10th Cir.2007); *Murry*, 194 P.3d at 492; *Brennan v. Farmers Alliance Mut. Ins. Co.*, 961 P.2d 550, 553 (Colo.App.1998). Former section 10–4–706(1) required insurers to offer a basic level of PIP benefits. *Stickley*, 505 F.3d at 1072; *Murry*, 194 P.3d at 492. Former section 10–4–707(1) made these basic levels applicable to the named insured, his or her resident relatives, vehicle passengers, and pedestrians injured by the covered vehicle. *Stickley*, 505 F.3d at 1072; *Murry*, 194 P.3d at 492; *Brennan*, 961 P.2d at 553. Former section 10–4–710(2)(a) also required insurers to offer extended coverage that included unlimited medical and wage loss benefits in exchange for higher premiums. *Stickley*, 505 F.3d at 1074; *Murry*, 194 P.3d at 492.

In 1996, a division of this court held that when an insurer failed to offer the required extended coverage, such coverage was deemed incorporated into the policy by operation of law, and the policy had to be reformed accordingly. *Thompson v. Budget*

*Rent–A–Car Sys., Inc.,* 940 P.2d 987, 990–91 (Colo.App.1996).

In 1998, another division of this court held that the extended coverage requirement of former section 10–4–710 applied to the same categories of people described in former section 10–4–707(1), including pedestrians. *Brennan,* 961 P.2d at 553. There, the insured purchased extended PIP coverage which specifically excluded pedestrians. *Id.* at 552. The division held that the insurer failed to offer the required extended coverage and that the injured pedestrian was entitled as a matter of law to a reformed insurance contract that included extended PIP benefits. *Id.* at 554.

In 2003, the Tenth Circuit Court of Appeals held that the *Brennan* holding applied retroactively to pedestrians injured before 1998. *Clark,* 319 F.3d 1234. There, the pedestrian was injured in 1996 by a vehicle insured with a noncompliant policy that excluded pedestrians from its extended coverage offerings. *Id.* at 1237. That insured had declined the extended coverage offer and the insurer notified the pedestrian that only basic PIP benefits were available. *Id.* After *Brennan* was decided, the insurer amended the insurance policy to include pedestrians in its extended coverage offerings. *Id.* at 1239–40. In 2000, the pedestrian sued the insurer, seeking reformation of the policy as required by *Brennan. Id.* at 1240. The federal district court dismissed the suit on the ground that *Brennan* could not be applied retroactively. *Id.* However, a panel of the Tenth Circuit concluded otherwise and reversed, stating: *"Brennan* held, as a matter of law, that any insurance policy under which the named insured was not offered extended PIP benefits for injured pedestrians must be reformed to include those benefits." *Id.* at 1244. *Clark* did not consider the effect of statutes of limitations in asserting claims under the policy.

## IV. CAARA's Statute of Limitations and Accrual Dates

Plaintiffs contend that the trial courts applied incorrect accrual dates in determining that their suits were untimely. Specifically, plaintiffs argue that their claims did not ac-

crue, and therefore the applicable statute of limitations did not begin to run, until the policies were reformed by the *Hicks* ruling in November 2005. Alternatively, plaintiffs argue that the limitation periods on their claims were tolled by the *Hicks* reformation ruling and that their claims were filed timely based on the following accrual and tolling analysis: (1) their claims did not accrue until the *French* case was filed; (2) the claims were tolled until December 5, 2002, when class certification was denied in *French*; (3) the claims were tolled a second time, from June 28, 2004, to March 30, 2007, while *Hicks* was pending; and (4) the claims were tolled a third time, from June 26, 2007, to March 2, 2008, by agreement of the parties. We disagree.

■ Initially, we reject plaintiffs' contention that, under the doctrine of issue preclusion, the *Hicks* ruling precluded American Family from asserting a statute of limitations defense. Plaintiffs argue that, because American Family's statute of limitations defense was unsuccessful in *Hicks,* it should not be allowed to assert a statute of limitations defense with respect to their individual damages claims here.

■ Issue preclusion bars relitigation of an issue determined at a prior proceeding if (1) the issue on which preclusion is asserted is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom preclusion is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Indus. Comm'n v. Moffat Cnty. Sch. Dist. RE No. 1,* 732 P.2d 616, 619–20 (Colo.1987).

In *Hicks,* American Family did not assert the statute of limitations defense with respect to the individual damages claims. Thus, this issue was not actually litigated and necessarily adjudicated. Nor did American Family have a full and fair opportunity to litigate the issue. Accordingly, American Family is not barred by issue preclusion

from asserting a statute of limitations defense to plaintiffs' claims here.

 The parties do not dispute that plaintiffs' claims are based on an alleged violation of CAARA. Claims arising under CAARA are governed by a three-year statute of limitations. § 13–80–101(1)(j), C.R.S. 2010; *Murry*, 194 P.3d at 492; *Wagner v. Grange Ins. Ass'n*, 166 P.3d 304, 307 (Colo. App.2007). A claim asserting that, contrary to statutory mandate, an insurer did not offer extended PIP coverage to the policyholder accrues when the plaintiff knew or should have known that the insurer did not do so. *Murry*, 194 P.3d at 492; *Wagner*, 166 P.3d at 307; *see also Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1121 (10th Cir.2005).

 The point of accrual requires knowledge of the facts essential to the cause of action, not knowledge of the legal theory supporting the cause of action. *Murry*, 194 P.3d at 492; *Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152, 159 (Colo.App.1995). "Actual knowledge" is knowledge "of such information as would lead a reasonable person to inquire further." *Murry*, 194 P.3d at 492 (quoting *Black's Law Dictionary* 888 (8th ed. 2004)). Plaintiffs are required to exercise reasonable diligence in discovering the relevant circumstances of their claims. § 13–80–108(8); *Murry*, 194 P.3d at 492. "They are judged on an objective standard that does not reward denial or self-induced ignorance." *Murry*, 194 P.3d at 492 (citing *Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 900 (Colo.App. 2003)).

Since *Brennan* was decided, numerous plaintiffs have sought reformation of their insurance policies to include extended PIP benefits due to the insurers' failure to offer statutorily-compliant policy provisions. *See, e.g., Padhiar v. State Farm Mut. Auto. Ins. Co.*, 479 F.3d 727 (10th Cir.2007); *Folks v. State Farm Mut. Auto. Ins. Co.*, 299 Fed. Appx. 748 (10th Cir.2008) (unpublished order); *Clark*, 319 F.3d 1234; *Murry*, 194 P.3d at 493; *Jewett v. Am. Standard Ins. Co.*, 178 P.3d 1235 (Colo.App.2007); *Wagner*, 166 P.3d 304.

However, many of these claims have been deemed untimely pursuant to section 13–80–101(1)(j). *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117 (10th Cir.2005); *Sanford v. Allstate Indem. Co.*, 2006 WL 3262840 (D.Colo. No. CIV.A.05–CV–00728–EWN, Nov. 9, 2006) (unpublished order and memorandum); *Schimmer v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 2361810 (D.Colo. No. 05–CV–02513–MSK, Aug. 15, 2006) (unpublished order); *Colby v. Progressive Cas. Ins. Co.*, 2006 WL 1816448 (D.Colo. No. CIV.A.04–CV–00761–W, June 30, 2006) (unpublished order), *aff'd*, 218 Fed.Appx. 796 (10th Cir.2007) (unpublished order and judgment); *Murry*, 194 P.3d at 493.

The pivotal issue in these cases is the time at which the plaintiff's claim accrued. In *Murry*, an injured pedestrian sued the driver's insurance company, asserted that the insurance company had not offered the policyholder extended PIP benefits, and sought reformation of the policy to include extended PIP benefits. A division of this court held that the plaintiff's claim accrued (1) when the insurance company notified the plaintiff that only basic benefits were available under the policy; (2) when basic PIP benefits ended; or (3) when the plaintiff was represented by counsel and there was precedent for seeking policy reformation based on failure to offer extended PIP benefits. *Murry*, 194 P.3d at 493. The *Murry* division determined that any of these dates was sufficient to give the plaintiff notice of facts essential to her claim and that she should have inquired into the matter further. *Id.*

The *Murry* division rejected the plaintiff's assertion that the events causing accrual of her claim were the notification of her potential inclusion in a class action lawsuit and the federal court's decision in *Clark* holding that *Brennan* applied retroactively:

> The events that the pedestrian relies upon as accrual events are pertinent to the legal theories supporting her claim only; they have no bearing on its factual underpinnings. Rather, she knew the facts essential to her claim and should have been motivated to inquire further in 1996 when the basic PIP benefits terminated. *See Nelson*, 419 F.3d at 1121; *Wagner*, 166

P.3d at 308. The point at which she stopped receiving benefits was also the point at which her damages occurred. Shortly after that, while she was represented by counsel and well within the three-year statute of limitations, divisions of this court decided both *Thompson* and *Brennan*, which provided her counsel with sufficient information to initiate an investigation into the actions of the insurer. *See Thompson*, 940 P.2d 987 (decided in 1996); *Brennan*, 961 P.2d 550 (decided in 1998). Those were the cases relied upon by the plaintiff in *Clark* when he filed his complaint in 2000. *See Clark*, 319 F.3d at 1240. All the relevant facts pertinent to her claim, and the same case law, were available to the pedestrian in 1998.

*Murry*, 194 P.3d at 494.

In addition, the *Murry* division noted that "[a]n attorney is presumed to know the law, and an attorney's knowledge is imputed to the client if it relates to the proceedings for which the attorney has been employed." *Id.* (citing *In re Trupp*, 92 P.3d 923, 932 (Colo. 2004)).

[14] We agree with the reasoning in *Murry* and adopt it here. In so doing, we reject plaintiffs' argument that their claims did not accrue until the November 2005 *Hicks* reformation ruling. Arguably, the reformation of the policies, by operation of the order in *Hicks*, created a "new" contract between the parties, and claims under the reformed contract might have accrued as late as November 2005, when American Family failed to pay benefits as provided for by the terms of the reformed contract. *See Cahill v. Am. Family Mut. Ins. Co.*, 2009 WL 973565 (D.Colo. No. CIVA07–CV–01910–MSK–MJW, Apr. 9, 2009) (unpublished order) (*Cahill I* ), *aff'd*, 610 F.3d 1235 (10th Cir.2010) (*Cahill II* ). However, a careful review of the complaint demonstrates that plaintiffs' claims assert that the breach occurred at the time American Family ceased paying basic PIP benefits under the original policy. The complaint does not cite events occurring after the reformation as giving rise to the claim; plaintiffs' allegations are focused on their entitlement to enhanced PIP benefits at the time their basic PIP benefits were exhausted under their original policies. *See id.*

Accordingly, consistent with the accrual test set forth in *Murry*, plaintiffs' claims are untimely under CAARA as a matter of law. As detailed above, plaintiffs' claims accrued, at the latest, when they retained counsel in connection with their PIP benefits claims, or in the case of three individuals, when their basic PIP benefits ended. Specifically, their claims accrued no later than the various dates between July 7, 1993 and May 11, 2003, as listed above. Even assuming the statute of limitations was tolled from the date *French* was filed on November 13, 2000, until class certification was denied on December 4, 2002, the three-year statute of limitations expired between December 2005 and May, 2006, long before plaintiffs filed these suits in 2008. Furthermore, plaintiffs' claims expired before the tolling agreement was executed, which existed from June 29, 2007 until March 2, 2008.

■ We also reject plaintiffs' contention that the limitation periods on their claims were tolled by the *Hicks* reformation order. American Family took no action to impede plaintiffs' ability to independently investigate their rights under Colorado insurance law or to conceal from them the *facts* regarding whether their policies entitled them to the enhanced PIP benefits they alleged were improperly withheld. *See Cahill I.* Indeed, plaintiffs do not argue that American Family concealed the terms of its policies, the amount it had paid in benefits, or any other historical fact. Plaintiffs only argue a legal obligation was not disclosed to them: the statutory mandate that American Family offer the opportunity to purchase additional coverage and the availability of reformation of the policy if the statutory mandate was violated. *See Cahill II*, 610 F.3d at 1240. The reformed policies changed nothing with regard to the original obligations or the fact that, as a matter of law, the requirement to offer enhanced PIP benefits far preceded the reformation of the contracts.

■ But as we previously mentioned, it is knowledge of facts, not of the law, that controls the application of a statute of limita-

tions. *See Miller v. Armstrong World Indus., Inc.,* 817 P.2d 111, 113 (Colo.1991) (a claim accrues when "the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action" (quoting *City of Aurora v. Bechtel Corp.,* 599 F.2d 382, 389 (10th Cir.1979))); *Murry,* 194 P.3d at 494 (a plaintiff's "knowledge of the legal theory supporting a claim does not determine the date of accrual for that claim"); *see Olson v. State Farm Mut. Auto. Ins. Co.,* 174 P.3d 849, 855 (Colo.App.2007) ("[T]he relevant issue is when a plaintiff discovers facts 'essential to the cause of action,' not the legal theory upon which the cause of action would be based."). Thus, "[i]f a plaintiff need not know the law for a cause of action to accrue, then the defendant's failure to disclose the law should not delay the start of the limitations period. Tolling should arise only when the defendant conceals something that the plaintiff needed to know for his cause of action to accrue." *Cahill II,* 610 F.3d at 1240.

Therefore, we conclude that the three-year statute of limitations for plaintiffs' claims under former section 10–4–710 had run as a matter of law, and the trial courts properly granted American Family's motions for summary judgment.

The judgments are affirmed.

Judge ROMÁN and Judge NEY * concur.